UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE BUCHWALD

WORLDHOMECENTER.COM, INC.,

        Plaintiff,

   -against-

KWC AMERICA, INC.,

        Defendant.

Civil Action No.

10 CIV 7781

RECEIVED
OCT 12 2010
U.S.D.C. S.D.N.Y.
CASHIERS

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant KWC America, Inc. ("KWC") removes the action entitled *Worldhomecenter.com, Inc. v. KWC America, Inc.*, Index No. 651498 / 2010, filed on or about September 15, 2010, from Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. KWC's grounds for removal are as follows:

      1.     This removal is timely under 28 U.S.C. § 1446(b) because plaintiff Worldhomecenter.com ("Worldhomecenter") purported to serve KWC with a copy of the Summons and Verified Complaint on September 29, 2010 in Georgia.

      2.     This removal is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) based on diversity of citizenship. Worldhomecenter allegedly is a New York corporation with its principal place of business in New York. Verified Complaint ¶ 4. KWC is a Georgia corporation with its principal place of business in Georgia. *See also* Verified Complaint ¶ 5. Plaintiff seeks damages in excess of $75,000.00, Verified Complaint ¶¶ 34, 42 (seeking damages "in no event less than One Million Dollars ($1,000,000.00), trebled according to statute"), and as a result, the amount-in-controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a).

3.    This removal also is proper pursuant to 28 U.S.C. §§ 1331 and 1441(b), based on federal question jurisdiction.  Under 28 U.S.C. § 1331, the United States district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  The federal removal statute specifically provides for the removal of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States. . . ." 28 U.S.C. § 1441(b).  The statute further provides that the district court may also hear any otherwise non-removable claims asserted in such an action.  *See* 28 U.S.C. § 1441(c).

4.    Although a plaintiff generally is the master of its complaint, the "artful pleading doctrine" is an exception that provides that courts "will not permit [a] plaintiff to use artful pleading to close off [a] defendant's right to a federal forum . . . [and] the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization." *In re NASDAQ Market Makers Antitrust Litig.*, 929 F. Supp. 174, 178 (S.D.N.Y. 1996) ("a plaintiff may not defeat removal by clothing a federal claim in state garb") (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 n.2 (1981) and *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 758 (2d Cir. 1986)).

5.    In this case, Worldhomecenter artfully has pleaded its primary claim under New York's Donnelly Act to prevent a federal claim under the Sherman Act, 15 U.S.C. § 7 et seq.  But "[w]here the conduct complained of principally affects interstate commerce, with little or no impact on local or intrastate commerce, it is clear that federal antitrust laws operate to preempt the field and oust state courts of jurisdiction." *H-Quotient, Inc. v. Knight Trading Grp.*, No. 03-cv-5889 (DAB), 2005 WL 323750, at *4 (S.D.N.Y. Feb. 9, 2005) (citing *Two Queens, Inc. v. Scoza*, 745 N.Y.S.2d 517, 519 (1st Dep't. 2002)); *see also In re Wiring Device Antitrust*

*Litig.*, 498 F. Supp. 79, 82 (E.D.N.Y. 1980) (where interstate commerce is involved, federal antitrust laws preempt Donnelly Act); *Flood v. Kuhn*, 443 F.2d 264, 268 (2d Cir. 1971) (because burden on interstate commerce outweighs states' interests in regulating baseball's reserve system, Commerce Clause precludes application of state antitrust law), *aff'd*, 407 U.S. 258 (1972).

6.      Worldhomecenter, as alleged in its Verified Complaint, is an internet-based "online retailer," and specifically not a "bricks-and-mortar distributor." Verified Complaint ¶ 13. Worldhomecenter, therefore, principally transacts business in interstate commerce, with presumably only a minority of its business taking place intrastate in New York. According to Worldhomecenter's website: "Today, HomeCenter.com is a thriving full service online retailer with multiple warehouses strategically located around the nation." In addition, according to Worldhomecenter's website, it ships products to all 50 states and to areas outside the United States. Accordingly, the alleged conduct of KWC about which Worldhomecenter complains principally affected its business transactions in interstate and foreign commerce, and only to a limited extent intrastate commerce.

7.      Worldhomecenter's antitrust claim therefore is properly asserted, if at all, under the Sherman Act rather than the Donnelly Act, and the district court possesses original jurisdiction over that claim under 28 U.S.C. § 1331. The antitrust claim is removable under 28 U.S.C. § 1441(b), and the remaining claims are removable under 28 U.S.C. § 1441(c).

8.      As required by 28 U.S.C. § 1446(a), copies of all process and pleadings served upon KWC are attached as Exhibit A. Also as required by 28 U.S.C. § 1446(d), Worldhomecenter is being provided with written notice of removal and a copy of this Notice of

Removal is being filed with the Clerk of the Court for the Supreme Court of the State of New

York, County of New York.

> 9.      A filing fee of $350.00 has been tendered to the Clerk of the United States

District Court for the Southern District of New York.


Dated:  New York, New York
          October 12, 2010

Respectfully submitted,

David W. Haller
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, New York  10018-1405
Tel:  (212) 841-1000
dhaller@cov.com

Michael J. Fanelli
Ross A. Demain
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Tel:  (202) 662-6000

Elizabeth Clack-Freeman
ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre, Suite 4000
1960 Satellite Boulevard
Duluth, Georgia  30097
Tel: 770-822-0900

*Attorneys for Defendant KWC America, Inc.*

# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
-------------------------------------------------------------X

**WORLDHOMECENTER.COM, INC.,**

                **Plaintiff,**

       - against -

**KWC AMERICA, INC.,**

                **Defendant.**
-------------------------------------------------------------X

Index No: _____
Date Purchased

_____

**SUMMONS**

Basis for Venue:
**Plaintiff's Place**
**of Business**

To the above named defendant:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty [30] days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    Plaintiff's primary place of business is 470 Seventh Avenue, New York, New York.

Dated: August 27, 2010
       New York, New York

                      **WOODS & LONERGAN LLP**
                      *Attorneys for Plaintiff*

                      **Lawrence R. Lonergan, Esq.**
                      **292 Madison Avenue, 22nd Floor**
                      **New York, NY 10017**
                      **(212) 684 2500**

To:    KWC America, Inc.
       1770 Corporate Drive
       No. 580
       Norcross, Georgia, 30097

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

------------------------------------------------------------------X

WORLDHOMECENTER.COM, INC.,                    Index No. _____

                    Plaintiff,

        - against -                           **VERIFIED**
                                              **COMPLAINT**

KWC AMERICA, INC.,

                    Defendant.

------------------------------------------------------------------X

Plaintiff Worldhomecenter.com, by its undersigned attorney, for its Verified Complaint, alleges as follows based upon personal knowledge as to its own acts and actions and upon information and belief as to all other matters:

## PRELIMINARY STATEMENT

1.      Plaintiff Worldhomecenter.com, Inc. (HomeCenter.com) seeks damages sustained as a result of the past and ongoing violations by Defendant KWC AMERICA, INC. (KWC) of New York General Business Law (NYGBL) §§ 340 et seq. (the Donnelly Act), 349 (Unfair Trade Practices), 369-a (Price-Fixing Prohibited), 369-b (Manufacturers Warranty and Guarantee) and related causes of action in an amount to be proven at trial, but believed to be in excess of One Million ($1,000,000.00) Dollars.

## JURISDICTION

2.      Personal jurisdiction herein over KWC is derived by virtue of New York's long-arm statute, as codified in New York Civil Procedure Law and Rules §302 (a) and

(b), in that (i) KWC has transacted business in New York, (ii) KWC regularly does or solicits business in New York and (iii) KWC's alleged tortious conduct occurred in New York.

## VENUE

3.     Venue is proper in this county because of the principal place of business of HomeCenter.com, because KWC does a substantial amount of business in the State of New York, and because a substantial part of the events or omissions giving rise to the claims herein occurred in New York County.

## PARTIES

4.     HomeCenter.com is a corporation formed in the State of New York with its main office located at 470 Seventh Avenue, New York, New York.

5.     Upon information and belief, KWC is a Georgia corporation with main offices located at 1770 Corporate Drive, No. 580, Norcross, Georgia, 30097.

## STATEMENT OF FACTS

**A.     Background**

6.     HomeCenter.com is an online retailer of home improvement products, selling to and servicing customers through its web sites, known as "HomeCenter.com" and "Supplyhouse.com" and by telephone.

7.     KWC manufactures and sells faucets and plumbing and kitchen accessories to its exclusive distributors for resale to the public.

2

8.     HomeCenter.com has, in the past, frequently purchased KWC's products directly from KWC, from KWC's exclusive distributors and from independent distributors for online resale to HomeCenter.com's customers. Because of the relatively low overhead and maintenance associated with on-line retailing, and because HomeCenter.com purchases a high volume of products from distributors, HomeCenter.com is able to sell genuine KWC products to consumers at sharp discounts compared to identical products offered for sale by traditional display room retailers. HomeCenter.com further has maintained a merchant account with KWC for several years, and as such, Homecenter.com and KWC have established a course of performance and dealing and usage of trade.

9.     HomeCenter.com makes no alterations to KWC products or packaging. HomeCenter.com provides customer service and assistance to purchasers of all KWC products it sells. HomeCenter.com employs industry professionals with technical proficiency and can communicate with customers who experience problems with KWC's products.

10.     HomeCenter.com's sales force undergoes rigorous training, and is provided with the technical information necessary to properly and confidently sell KWC's products.  HomeCenter.com's technical support staff is similarly trained and provided with information necessary to properly and confidently service and administer KWC's products.

11.     HomeCenter.com takes strident measures to ensure the proper handling and care of all products it sells, including KWC's merchandise, to avoid mishandling. These measures include training sales and customer service representatives as to

3

plumbing and lighting industry terms, common questions, and common product features. For instance, HomeCenter.com's representatives learn through internal training classes which items require pairing with other necessary items. HomeCenter.com's representatives regularly consult with industry veterans working at HomeCenter.com who have extensive experience in plumbing showroom sales.

12.    HomeCenter.com provides its customers with complete product information, the best products, easy navigation, secure transactions, low pricing, a competitive return policy, and available free home delivery. HomeCenter.com is entrusted to resell home improvement products of such nationally known manufacturers such as Elkay, an industry leader.

**B.    KWC's Illegal Price-Fixing Policy**

13.    For several years, HomeCenter.com has seen its growth as an online retailer severely stunted due to aggressive policies enacted by product manufacturers, like KWC, who restrain the ability of Internet resellers to sell their products at a low price. The market efficiencies contained in the HomeCenter.com's Internet business model are deliberately negated by the anti-discounting policies used by KWC, which seeks to protect its bricks-and-mortar distributors with their comparatively higher overhead and lower margins.

14.    HomeCenter.com has resold genuine KWC goods over the Internet for several years with KWC's guidance and support. The course of conduct between KWC and HomeCenter.com has created a contractual agreement between the two merchants, and their relationship has historically been a mutually profitable one. However, KWC has

4

instituted a so-called Internet Advertising Policy (IAP), which purports to restrain the price at which HomeCenter.com can resell KWC's products. KWC has required that Homecenter.com abide the IAP in order to keep HomeCenter.com's merchant account open and perpetuate the parties' contractual relationship. Attached to this Verified Complaint as Exhibit A is a copy of electronic mail correspondence between Brian Okin, the president of HomeCenter.com, and Amanda Matson, an employee of KWC, wherein KWC refuses to ship product sold by HomeCenter.com at a price below KWC's IAP guidelines.

15.    KWC has refused to ship and fill orders submitted by HomeCenter.com, or to deal directly with HomeCenter.com, unless and until HomeCenter.com complies with KWC's IAP. To further police the IAP and punish Internet Retailers who fail to follow the pricing guidelines, KWC has implemented a warranty disclaimer policy (Exhibit B). KWC refuses to honor warranties for its items sold over the Internet and in any other manner not deemed acceptable by KWC.

16.    KWC's refusal to fill HomeCenter.com's orders is based upon HomeCenter.com's refusal to agree to sell KWC's products at a fixed price.

17.    KWC's IAP set s minimum resale prices and constitutes vertical price fixing pursuant to New York GBL §369-a, which provides as follows:

> § 369-a. Price-fixing prohibited. Any contract provision that purports to restrain a vendee of a commodity from reselling such commodity at less than the price stipulated by the vendor or producer shall not be enforceable or actionable at law.

18.    KWC's IAP constitutes a contract provision that purport to, and does, restrain HomeCenter.com (a vendee) from reselling KWC's merchandise ("subjects of

5

commerce," or "commodities," as defined in NYGBL § 369-c) at less than the price point set by KWC. As such, the IAP is unenforceable and illegal as a matter of law.

19.     That the IAP nominally concerns "advertised" prices as opposed to "resale" prices makes little distinction for the consumer or HomeCenter.com. In fact, in the email attached as Exhibit A, the KWC employee clearly expresses concern only with the prices at which KWC products are being "sold" by HomeCenter.com. No matter how the IAP policy is worded, the effect is that HomeCenter.com is precluded from even posting the price of KWC products on its own website, which amounts to its storefront to Internet shoppers. This is not advertising, which involves paying to post KWC product prices elsewhere. This is simply communicating a resale price, which KWC's IAP policy purports to restrain.

20.     HomeCenter.com has sustained lasting damages as a result of KWC's implementation and enforcement of the IAP. HomeCenter.com has lost substantial profits by being unlawfully denied the right to purchase and resell KWC goods at any price the market will bear.

21.     KWC's IAP policy and its policing mechanism, KWC's warranty disclaimer policy, amount to a price-fixing scheme that robs Homecenter.com of the benefits of selling KWC products over the Internet at a discount. Because Homecenter.com primarily communicates to the public through its website, the prevention of using the web-site to communicate discounts profoundly disrupts the service and efficiency offered by it and other e-commerce retailers.

22.     As a result of KWC's IAP and warranty disclaimer policies, HomeCenter.com and other Internet resellers cannot exploit the conveniences and

6

efficiencies of e-commerce distribution, and consumers are deprived of the opportunity to purchase goods cheaply and easily. The market's true needs -- an efficient and cheaper method of distribution -- are wholly secondary to KWC's artificial maintenance of high prices for its products in the market. HomeCenter.com has seized opportunity and cultivated a way of doing business that is cheap, efficient, safe and easy for consumers to use. KWC and its business partners are threatened by a more efficient approach to filling orders for KWC's products, and have waged a campaign to damage HomeCenter.com's business and ones like it. There is no business justification that can excuse KWC's conduct or rationalize KWC's efforts to prevent HomeCenter.com and other Internet retailers from optimizing the benefits of web-based sales, and passing those efficiencies on to consumers in the form of lower prices for the identical merchandise.

23.    HomeCenter.com has further incurred damages to its good will and market share as a direct result of KWC's illegal policies.

24.    KWC's violation of NYGBL § 369-a further constitutes a "bad act" that is anticompetitive in purpose or effect, and supports a cause of action for monopolization or attempt to monopolize under the Donnelly Act.

25.    HomeCenter.com's violations of NYGBL § 369-a and 369-b further demonstrate an effort to police or to secure agreements on prices or price levels in violation of the Donnelly Act.


C.    **KWC's Illegal Warranty Disclaimer**

26.    KWC has indicated on its website (*kwcamerica.com*) that it will not honor warranties on KWC's products sold by Homecenter.com and other Internet vendors

7

(Exhibit B). This policy, which has been communicated to HomeCenter.com, other retailers and HomeCenter.com's prospective customers, is in direct violation of New York State law.

27.    Pursuant to NYGBL §369-b ("Manufacturer's warranty and guarantee"), a warranty or guarantee of merchandise may not be limited by a manufacturer doing business in New York State solely for the reason that such merchandise is sold by a particular dealer or dealers.  It is unlawful for a manufacturer to deny a warranty to an end user simply because merchandise was sold by a disfavored reseller. Violations of NYGBL §369-b also run counter to New York State antitrust law (NYGBL §340).

28.    NYGBL § 369-b applies to any manufacturer doing business in New York State. Given the purpose of the section, this may properly be broadly construed and may apply to regular sales efforts by a manufacturer with showrooms in New York State.  As such, KWC is clearly subject to the statute and in violation thereof.

29.    Refusal to honor warranties contrary to NYGBL 369-b on the improper ground that the warranties do not apply is deceptive, and supports relief under NYGBL §349-50.

30.    KWC's violation of NYGBL § 369-b further constitutes a "bad act" that is anticompetitive in purpose or effect, and supports a cause of action for monopolization or attempt to monopolize under the Donnelly Act.

31.    HomeCenter.com's violation of NYGBL §369-b further demonstrates an effort to police or to secure agreements on prices or price levels in violation of the Donnelly Act.

8

## FIRST CAUSE OF ACTION

### (Violation of NYGBL § 340
### [the Donnelly Act]
### for Compensatory and Injunctive Relief)

32.    HomeCenter.com reiterates and repeats the allegations set forth in paragraphs 1 through 31 as though fully stated hereafter.

33.    KWC unlawfully furthers its illegal policies through the following conduct:

(a)    KWC has obtained agreements from dealers to maintain the minimum resale price as a condition for receiving KWC products from KWC;

(b)    KWC refuses to deal with retailers who do not submit to KWC's unlawful demands, including participation in a mandatory tiered pricing structure for the resale of KWC products;

(c)    KWC instructs its authorized resellers to refrain from selling KWC's products to unauthorized resellers; and

(d)    KWC refuses to honor warranties for its genuine items purchased by the general public in good faith.

34.    By unlawfully denying warranty service to purchasers of KWC products from unauthorized resellers, and by vertically restraining the price for its products in the marketplace, KWC has restrained trade in violation of General Business Law §340, et seq. KWC's conduct constitutes a resale price maintenance scheme that is unlawful *per se*. As a result, of KWC's illegal conduct, HomeCenter.com has suffered injury, including but not limited to the loss of existing and future business opportunities, lost

profits, business interference, damage to reputation and substantial legal fees, and has sustained damages in an amount to be determined at trial, but in no event less than One Million Dollars ($1,000.000.00), trebled according to statute.

35.    The actions of KWC set forth above constitute contracts, agreements, arrangements or combinations whereby competition or the free exercise of activity in the conduct of the business or trade of HomeCenter.com is restrained. Such contracts, agreements, arrangements or combinations restrain competition, in violation of General Business Law §340.

36.    Such contracts, agreements, arrangements or combinations will continue unless preliminarily and permanently enjoined and restrained by this Court.

37.    HomeCenter.com has no adequate remedy at law.

## SECOND CAUSE OF ACTION

### (Violation of NYGBL § 349 - Deceptive Trade Practices)

38.    HomeCenter.com reiterates and repeats the allegations set forth in paragraphs 1 through 37 as though fully stated hereafter.

39.    KWC's warranty disclaimer policy constitutes a false and deceptive trade practice directed at HomeCenter.com and consumers, are consumer oriented and are likely to mislead a reasonable consumer, acting reasonably under the circumstances, in violation of General Business Law §349.

40.    HomeCenter.com is an injured party as contemplated by General Business Law §349.

41.     KWC's false and deceptive acts unfairly discourage and dissuade consumers from purchasing merchandise from HomeCenter.com, and unlawfully penalize HomeCenter.com's customers who purchase KWC products, causing HomeCenter.com loss of profits, loss of established business dealings and prospective business opportunities, and damage to reputation.

42.     As a result of the actions of KWC, HomeCenter.com has suffered injury, including without limitation loss of existing and future business, lost profits, business interference, damage to reputation and substantial legal fees, and has sustained damages in an amount to be proven at trial, but in no event less than One Million Dollars ($1,000,000.00), trebled according to statute.

### THIRD CAUSE OF ACTION
#### (Declaratory Relief)

43.     HomeCenter.com reiterates and repeats the allegations set forth in paragraphs 1 through 42 as though fully stated hereafter.

44.     KWC's IAP has the effect of restraining the price by which Internet resellers such as HomeCenter.com may resell KWC's products.

45.     As such, KWC's restriction on resale prices as implemented in its IAP, as well as the purported contract signed by KWC and HomeCenter.com, violate New York General Business Law §369-a and should be declared void and unenforceable.

46.     KWC's policy of refusing to honor warranties for its products that are sold over the Internet constitutes a violation of New York General Business Law §369-b.

47.     HomeCenter.com has no adequate remedy at law.

11

## FOURTH CAUSE OF ACTION
### (Injunctive Relief)

48.     HomeCenter.com reiterates and repeats the allegations set forth in paragraphs 1 through 47 as though fully stated hereafter.

49.     Upon the aforementioned facts, HomeCenter.com is entitled to a provisional remedy pursuant to N.Y.C.P.L.R. §§ 6301 in the form of a preliminary injunction enjoining and restraining KWC from (a) implementing and enforcing its IAP and (b) denying warranties to any purchasers of its products from any distribution source.

50.     HomeCenter.com has no adequate remedy at law.


WHEREFORE, HomeCenter.com prays for judgment:

(a)     on the First Cause of Action, damages including without limitation loss of existing and future business, lost profits, business interference, damage to reputation and substantial legal fees, in an amount to be proven at trial, but in no event less than One Million Dollars ($1,000,000.00), trebled according to statute;

(b)     on the Second Cause of Action, damages including without limitation loss of existing and future business, lost profits, business interference, damage to reputation and substantial legal fees, in an amount to be proven at trial, but in no event less than One Million Dollars ($1,000,000.00), trebled according to statute;

(c)     on the Third Cause of Action, a judgment declaring KWC's IAP and warranty disclaimer policies void and unenforceable as a matter of law;

(d)     on the First and Fourth Causes of Action, a preliminary injunction enjoining and restraining KWC from (a) implementing and enforcing its IAP and (b) denying warranties to any purchasers of its products from any distribution source; and

    (e)    awarding HomeCenter.com such other, further and different relief as this

Court may deem just and proper.

Dated: New York, New York
       August 27, 2010

                             WOODS & LONERGAN, LLP
                             Attorneys for Plaintiff
                             Worldhomecenter.com, Inc.

                             Lawrence R. Lonergan, Esq. [LL-4744]
                             292 Madison Avenue, 22nd Floor
                             New York, New York 10017
                             (212) 366-6950

To:    KWC America, Inc.
       1770 Corporate Drive
       No. 580
       Norcross, Georgia, 30097

13

## VERIFICATION

**STATE OF NEW YORK** )

                      ss.:

**COUNTY OF NEW YORK** )

        BRIAN OKIN, being duly sworn, deposes and says:

        I am the principal officer of Worldhomecenter.com, Inc., the plaintiff in this action, and am fully familiar with the facts and circumstances of this action. I have read the Verified Complaint herein and know the contents thereof to be true and complete to the best of my knowledge, except those facts stated upon in formation and belief, and, as to the facts, I believe such allegations to be true.

                                                     BRIAN OKIN

Sworn to before me this 27th
day of August, 2010

_____
Notary Public

LAWRENCE R. LONERGAN
Notary Public, State of New York
No. 02LO6069601
Qualified in New York County
Commission Expires Feb. 11, 2014

# Exhibit A

On Fri, Oct 2, 2009 at 11:32 AM, Amanda Matson <amatson@kwcamerica.com> wrote:

Hi Brian,

This morning I checked eight KWC items, and all are being sold at a higher discount than our MAP policy permits. I have scanned these items and noted their discount percentage for your review.

I am also attaching KWC's 2009 price list as you still have 2008 list prices for KWC products on your website.

Once all KWC products listed on Homecenter's website are in compliance with our MAP policy your orders will be released – assuming that your account is current.

Best regards,

Amanda

---

**From:** Brian at Homecenter.com - Faucets, Sinks, Plumbing, Lighting, More [mailto:brian.okin@homecenter.com]
**Sent:** Thursday, October 01, 2009 5:09 PM
**To:** Amanda Matson; Tracking

**Subject:** Re: Tracking Ticket #848 for Order #53976111 (PO #S3890623)

Amanda,

Please explain where we have a MAP violation so that I can fix it.  Please make sure that this PO is released in the meantime.  We don't want our orders to our customers to be delayed.

Also, why wasn't I notified of this?

Brian Okin

On Thu, Oct 1, 2009 at 4:55 PM, Amanda Matson <amatson@kwcamerica.com> wrote:

It is on hold due to violation of our MAP policy.

Best regards,

Amanda

**From:** brian.okin@homecenter.com [mailto:brian.okin@homecenter.com] **On Behalf Of** Brian Okin - Tracking at Homecenter.com and Remodelcenter.com
**Sent:** Thursday, October 01, 2009 12:01 PM
**To:** Amanda Matson
**Subject:** Re: Tracking Ticket #848 for Order #53976111 (PO #S3890623)

Why is this on hold?

On Thu, Oct 1, 2009 at 11:54 AM, Amanda Matson <amatson@kwcamerica.com> wrote:

Purchase order p1141516 has been placed on hold.

Best regards,

Amanda

FSC

Mixed Sources

Cert no. SW-COC-002980
www.fsc.org
© 1996 Forest Stewardship Council

# Exhibit B

KWC.HOME      Company    Products    Eco Only    Literature    News    Technical    Where To Buy    Contact

                Where To Buy    Spare Parts    We Support Authorized Dealers Only

**We Support Authorized Dealers Only**

**PLEASE NOTE:**

We advise you to only buy from authorized dealers (showrooms); they receive factory support, sales training and are equipped to handle any problems that may arise. If you buy our product from a non-authorized dealer the goods may be defective, damaged, non-conforming, and will not carry our product warranty. Some companies may use the term "authorized reseller" as opposed to authorized dealer. In this case, please check with us first to confirm if this dealer is authorized.

We cannot assist with problems that may occur from purchases from unauthorized channels, this includes online auctions and online purchases from dealers other than those listed in our Where to Buy. We require proof of purchase when processing warranty claims. This means:

     No Internet Selling
     No Mail Order Sales
     No Mass Merchants

If you purchase KWC/HANSA products on the Internet, be advised: .

WE WILL NOT HONOR ANY WARRANTY CLAIMS ON PRODUCTS PURCHASED FROM UNAUTHORIZED INTERNET SELLERS.

We do this to protect our customers and our dealers/showrooms. We want you to enjoy the best performance possible from KWC/HANSA products.

Purchasing KWC/HANSA products from an authorized dealer/showroom means you are guaranteed:

     Genuine KWC/HANSA products
     The support of trained professionals
     Superb warranty service should you ever need it
     Reliable technical information and support from KWC America & your local professional
     Leading product innovation and technology
     Excellent value for your money

Buy KWC/HANSA products only from an authorized KWC/HANSA dealer/showroom.

Please check our Where To Buy locator to find an authorized dealer/showroom near you.

If you cannot find a dealer/showroom near you, please call 678-334-2121 and KWC/HANSA AMERICA will be happy to help.

Thank you,

Your KWC/HANSA AMERICA TEAM

                                     Back

**My Project**      **Login**                                                  Link to HANSA

Copyright © 1996 - 2010 KWC.     Legal